NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1117
_____

JOSEPH BUSHRA,

Appellant

v.

MAIN LINE HEALTH, INC.
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. No. 2:23-cv-01090)
District Judge:  Honorable Harvey Bartle, III
_____

Submitted under Third Circuit L.A.R. 34.1(a)
on September 13, 2024

Before: CHAGARES, <u>Chief Judge</u>, ROTH and RENDELL, <u>Circuit Judges</u>

(Opinion filed: April 10, 2025)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

ROTH, Circuit Judge

Dr. Joseph Bushra, an attending physician at one of Main Line Health (MLH)'s hospital emergency departments, sued MLH for failure to accommodate his religious beliefs and for retaliation under Title VII of the Civil Rights Act[1] and the Pennsylvania Human Relations Act (PHRA), after MLH denied him a religious exemption to its mandatory COVID-19 vaccine policy.[2] The District Court granted summary judgment to MLH, and we will affirm.

## I.[3]

Dr. Bushra has worked in MLH's Lankenau Medical Center for more than twenty years, most recently as an attending physician and Campus Chief of the Emergency Department.[4] His regular duties required him to work in-person in the emergency room, and to interact with patients, including those with COVID-19.

In July 2021, MLH adopted a mandatory vaccination policy that required its employees and staff to show proof of COVID-19 vaccination by October 1, 2021. Alternatively, MLH offered the opportunity to request medical or religious exemptions, but cautioned that "it is possible that there may not be a reasonable accommodation that

---

[1] 42 U.S.C. § 2000e et seq.
[2] 43 Pa. Cons. Stat. § 951.
[3] We write for the benefit of the parties and therefore recite only the essential facts.
[4] Dr. Bushra was contracted to provide services to Main Line Health through Main Line Emergency Medicine Associates LLC (MLEMA), for which he is an employee and part owner. MLEMA is "a private practice emergency medicine physician group that contracts with Main Line Health to provide emergency room staffing . . . for the four Main Line Health hospitals." Appx. 66, ¶ 2.

will allow every person with such an exemption to continue to work onsite while unvaccinated."[5]  MLH approved "some" religious exemption requests, but the record does not indicate whether or how it accommodated those individuals.

Dr. Bushra applied for a religious exemption to MLH's COVID-19 vaccination policy, which MLH denied.  In so doing, MLH informed Dr. Bushra that it had determined that he "did not articulate a sincerely held religious belief that is contrary to receiving the COVID-19 vaccination."[6]  Dr. Bushra did not get the COVID-19 vaccination, and on November 15, 2021, MLH placed him on administrative suspension.

Dr. Bushra sued MLH for religious discrimination in March 2023.  In December 2023, the District Court granted summary judgment to MLH.  Dr. Bushra appealed.

## II.[7]

Title VII prohibits discrimination against "any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . religion . . . ."[8]  Employers are obligated to make reasonable accommodations for employees' religious beliefs and practices, unless doing so would

[5] Appx. 665–66.
[6] Appx. 745.
[7] The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review a grant of summary judgment de novo, applying the same standard as the District Court.  *See Kelly v. Borough of Carlisle*, 622 F.3d 248, 253 (3d Cir. 2010).  Summary judgment is proper only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).
[8] 42 U.S.C. § 2000e-2(a)(1).  We examine Dr. Bushra's claims under Title VII, as the PHRA applies the same analytical framework.  *Atkinson v. Lafayette Coll.*, 460 F.3d 447, 454 n.6 (3d Cir. 2006) ("Claims under the PHRA are interpreted coextensively with Title VII claims.").

3

cause the employer "undue hardship."[9] Title VII also prohibits retaliation, as relevant here, against employees who "opposed any practice made an unlawful employment practice" by the statute.[10]

**A.**

Dr. Bushra's arguments on appeal largely challenge the District Court's determination that MLH established the undue hardship defense to his religious discrimination claims. Undue hardship is a complete defense to Dr. Bushra's claims. There is no violation of Title VII or the PHRA where an employer "demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business."[11] As we affirm the District Court on these grounds, we assume, without deciding, that Dr. Bushra has met the requirements of his prima facie case.[12]

To establish undue hardship, MLH must point to a hardship that is "substantial in the context of [its] business."[13] MLH has met this burden. It has shown, and Dr. Bushra admits, that Dr. Bushra treated vulnerable patients in the normal course of his clinical duties and interacted with patients with COVID-19. Hospital settings like Lankenau

---

[9] *Groff v. DeJoy*, 600 U.S. 447, 453 (2023) (quoting 42 U.S.C. § 2000e(j)).
[10] 42 U.S.C. § 2000e-3(a).
[11] *Id.* § 2000e(j).
[12] We may "affirm the District Court's grant of summary judgment on any basis supported by the record." *United States ex rel. Spay v. CVS Caremark Corp.*, 875 F.3d 746, 753 (3d Cir. 2017).
[13] *Groff*, 600 U.S. at 471. Our examination of undue hardship "takes into account all relevant factors in the case at hand, including the particular accommodations at issue and their practical impact in light of the nature, size and operating cost of [an] employer." *Id.* at 470–71 (internal quotations omitted).

Medical Center facilitated COVID-19 transmission between patients and healthcare workers. MLH provided unrebutted expert testimony that unvaccinated healthcare workers, like Dr. Bushra, presented an increased risk of transmitting COVID-19 to others, particularly when they interacted with vulnerable groups. The consequences of increased COVID-19 transmission are well-established and undisputed: patients and employees at MLH died from COVID-19, and the on-site spread of this serious infectious disease compromised MLH's mission and ability to care for sick patients, and it jeopardized the health and efficacy of its employees and staff. MLH's expert additionally testified, contrary to Dr. Bushra's assertion, that alternative infection control strategies, such as frequent testing and masking, were not sufficient to prevent transmission. We agree with the District Court that this substantial, undisputed evidence establishes undue hardship.

Dr. Bushra has presented no evidence in rebuttal.[14] Instead, he argues that MLH cannot claim undue hardship when it has granted religious exemptions to other employees. But without any information on other employees granted accommodations,[15] we cannot reasonably infer that MLH accommodated similarly situated staff. Dr.

---

[14] Dr. Bushra protests that it is "disingenuous" for MLH to raise undue hardship when it solely considered the sincerity of his religious beliefs when denying his exemption request. Appellant Br. at 13. However, MLH's policy expressly states that it may not be able to accommodate religious exemptions, even if granted. We cannot reasonably infer that MLH could accommodate Dr. Bushra from the mere fact that it did not discuss the issue in its decision to deny his request on separate grounds.

[15] Dr. Bushra provides no responsive evidence aside from his own deposition testimony and a redacted request for religious exemption. The District Court correctly identified Dr. Bushra's testimony as inadmissible hearsay and found that the redacted exemption request provides no relevant comparator evidence.

Bushra's assertion that an unknown number of unnamed employees received unidentified accommodations does not rebut MLH's substantial evidence that it could not accommodate him.[16]  As MLH has presented substantial evidence of undue hardship, and Dr. Bushra has not provided any "actual evidence in the record on which a jury could decide an issue of fact [his] way," we will affirm the District Court's grant of summary judgment.[17]

## B.

Dr. Bushra's retaliation claim fares no better.  To establish the prima facie case for Title VII retaliation, Dr. Bushra must show that (1) he engaged in a protected activity, (2) he suffered an adverse employment action, and (3) that there is a causal connection between the protected activity and the adverse action.[18]  Even if Dr. Bushra's request for a religious exemption and subsequent appeals are protected activities, and assuming that his administrative suspension is the adverse employment action,[19] Dr. Bushra's retaliation claim would fail on the third prong, as he has not shown a causal connection.  That is, he has not provided any support for his contention that he was placed on administrative suspension because he requested a religious exemption, rather than because he failed to

---

[16] Though we view the record in the light most favorable to the nonmovant, the nonmovant must still support its rebuttals with citations to materials in the record or show that the "materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1)(A), (B).

[17] *El v. Se. Pa. Transp. Auth.*, 479 F.3d 232, 238 (3d Cir. 2007).

[18] *See Moore v. City of Philadelphia*, 461 F.3d 331, 340–41 (3d Cir. 2006), *as amended* (Sept. 13, 2006) (quoting *Nelson v. Upsala Coll.*, 51 F.3d 383, 386 (3d Cir. 1995)).

[19] Dr. Bushra does not state the adverse employment action for his retaliation claim, so we assume, for the sake of this decision, that it is the same as the one he identifies for his religious discrimination claim.

follow the mandatory vaccine policy.  We will affirm the District Court's grant of summary judgment on this claim as well.

### III.

For the foregoing reasons, the District Court's order granting summary judgment will be AFFIRMED.